[No. 22972.   Department Two.   May 4, 1931.]

ELTINA M. CALDERHEAD, *Respondent,* v. A. E. SMITH, *Appellant.*[1]

*Ben S. Sawyer* (*L. B. Sulgrove,* of counsel), for appellant.

*R. F. Dotsch,* for respondent.

[1]Reported in 298 Pac. 421.

FULLERTON, J.—This is an action of equitable cognizance, instituted by the respondent, Eltina M. Calderhead, against the appellant, A. E. Smith, to set aside a purported administratrix' deed to certain real property, recover possession of the real property, and recover damages for waste committed thereon. A decree was entered in her favor in the trial court, awarding to her a part of the relief sought. The appeal is from the decree so entered.

To get an adequate understanding of the questions involved, something of the history of the transactions leading up to the controversy needs be stated. In many instances, the record is barren of specific dates, however it can be gathered therefrom that, for some years prior to the year 1911, one Theodore D. Young and Kate L. Young were husband and wife, and owned as a community certain farm property situated in Thurston county. The respondent, now Eltina M. Calderhead, was their daughter and their only child. Theodore D. Young died in the year named, leaving the real property to his wife and daughter, who took it in equal moieties as tenants in common. Kate L. Young was appointed administratrix of the estate, and during the course of her administration mortgaged the property to a building and loan association to secure a loan in the sum of $4,200. Sometime in the year 1918, certain of the interest payments on the mortgage became delinquent, and foreclosure was threatened.

Kate L. Young, at some time prior thereto, had met the appellant, Smith. They were contemplating marriage, and the question of saving the property from the foreclosure proceedings came up between them. They thereupon entered into an agreement concerning the property, by which it was agreed, so the trial court found, that Mrs. Young, as the administratrix of the

estate, should procure from the court having jurisdiction over the estate an order directing her, as such administratrix, to sell the real property of the estate at private sale; that Smith should purchase the property at such sale, intermarry with Mrs. Young, and, after such marriage, maintain the property as a home for himself, his wife, and the wife's minor daughter, the respondent in this action, and should care for, maintain and educate the daughter.

Pursuant to this agreement, Mrs. Young obtained an order of court purporting to authorize her to sell the property at private sale. Further proceedings with relation thereto are stated by the court in the following language:

"A return of sale was filed showing the property to have been sold to the defendant herein for the amount of his cash bid of $4,200.00, he being the highest and best bidder, said bid being for cash. On December 26, 1918, E. N. Steele, an attorney at law at this bar, was appointed guardian ad litem for the minor, Eltina M. Young, the plaintiff herein, and the same day an order of confirmation of the sale was signed and entered by the court, and on the same day the administratrix executed a deed to the defendant herein conveying the property to him. On the same day December 26, 1918, the defendant herein executed a note and mortgage to the Olympia Building and Loan Association covering the same property and for the same amount of $4,-200.00, no money consideration passing, except that defendant paid about $300.00 back interest and costs in obtaining the new mortgage."

Two days after these proceedings, namely, December 28, 1918, the appellant and Mrs. Young intermarried. Following the marriage, the appellant, his wife, and the daughter took up their home on the property, and continued to live thereon until some thirteen months later, when Mrs. Smith began an action for divorce

against the appellant. The proceedings were prosecuted to a final decree, in which a divorce was granted to the wife. In the decree, the court divided the real property between the parties; awarding to the appellant a certain described tract containing one hundred and sixty acres, and awarding the remainder to the wife.

No part of the principal of the mortgage put upon the property by the appellant had then been paid, and the court apportioned the amount thereof between the parties, directing that the wife pay thereof $3,200 and the appellant $1,000. The appellant paid to the mortgagee the amount of the mortgage he was directed by the decree to pay, and obtained from the mortgagee a release of the mortgage lien on the property awarded to him. Mrs. Smith did not pay the balance of the mortgage, and the part of the property awarded to her was sold on a foreclosure of the mortgage. The action of the respondent is to recover the property set aside to the appellant in the divorce decree.

The respondent was married in March, 1927, and reached the statutory age of majority on January 9, 1928. She began the present action on June 13, 1929, more than two years after her marriage, and more than one year after she became of legal age. Based on these facts, the appellant contends that her action is barred by the statute of limitations. But the appellant mistakes the applicable statute. A minor, or a person under other disability, who is entitled to have a judgment modified or vacated, must commence proceedings therefor within a year after the disability is removed (Rem. Comp. Stat., § 467); but this is not a proceeding to vacate or modify a judgment within the meaning of the cited statute. More properly, it is an ". . . action for the recovery of real estate sold

by an executor or administrator . . . " by a minor " . . . under legal disability to sue at the time when the right of action first accrued," in which the limitation is three years after the removal of the disability (Id., § 158). Whether, therefore, we assume that the disability of the respondent to sue was removed at the time of her marriage or at the time she attained the statutory age of majority, her action was begun in time. *Larrabee Co. v. Mayhew,* 135 Wash. 214, 237 Pac. 308.

It is next contended that the evidence does not justify the conclusion of the trial court to the effect that the administratrix' sale of the real property of the estate to the appellant was fraudulent and void as to the interests of the respondent. But that the sale was thus fraudulent we think can hardly admit of doubt. It is needless here to again repeat the facts. These show that there was no sale in fact; that the administratrix by false statements, false returns, without any consideration moving to the estate, deceived the court and induced it to make the order of sale and confirm the sale after it was made. To all of these proceedings, the appellant was a party, and, however valid the proceedings may have been to pass such interests as the administratrix had in the property to him, it would be too much to say that they passed to him any interests of the then minor respondent. After the purported sale, therefore, the respondent still retained her undivided half interest in the property, and from thence on was either a tenant in common with her mother or a tenant in common with the appellant.

But we think the court was mistaken as to the interest the respondent has in the property for which she sues. It will be remembered that the respondent is suing only for her interest in the property which was

set aside to the appellant in the decree of divorce. The trial court awarded her the entire property, and we are constrained to conclude that her interest therein is an undivided half. It is not to be questioned, we think, that the appellant, either by the probate sale or by the divorce decree, acquired the interest of the respondent's mother in the property. Since this interest was an undivided half, he can hold that interest against the claim of respondent, unless he has been guilty of some act which would warrant the court, as a matter of justice and equity, in forfeiting his interest to the respondent.

The trial court seems to have thought that such a warrant arose from the fact that the appellant did not carry out the agreement he made with the mother of the respondent. But, since neither the agreement nor the appellant's failure to carry it out in any way affected the respondent's interest in the property, and since it is not shown that such failure caused a loss of her interests in the property assigned to her mother, we cannot conclude that there is a sufficient showing to justify the decree in this particular.

The appellant complains because the trial court made him no allowance for the sum he paid to the mortgage company, for the sums he has paid in taxes. or for the permanent improvements he has placed upon the property. But the court concluded, we think rightly, that these were offset by the uses he has made of the premises.

The appellant, subsequent to the time of the decree of divorce, sold to other parties a part of the property awarded to him by that decree. The trial court excepted this tract from its decree, and we will make no change in its order in this respect.

The judgment appealed from is reversed, and the cause remanded with instructions to modify the de-

412

cree in the respects herein mentioned. If it is deemed desirable, a partition may be made of the property in this proceeding.

TOLMAN, C. J., MILLARD, BEELER, and BEALS, JJ., concur.